**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC and RARE BREED TRIGGERS, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>OLDE ENGLISH GUN SHOPPE INC., d/b/a OLDE ENGLISH OUTFITTERS and EVAN ENGLISH,<br><br>     Defendants. | Civil Action No. 4:26-cv-00932-ALM |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS TO**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs and Counterclaim Defendants ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively the "Counterclaim Defendants"), by and through their attorneys, hereby answer Defendants' Olde English Gun Shoppe Inc. d/b/a Old English Outfitters and Evan English ("Olde English") Counterclaims as follows:

**PARTIES**

1. Counterclaim Defendants admit the allegations in Paragraph 1.

2. Counterclaim Defendants lack information or knowledge necessary to either admit or deny the allegations in Paragraph 2, and therefore deny the allegations in Paragraph 2.

3. Counterclaim Defendants admit the allegations in Paragraph 3.

4. Counterclaim Defendants admit the allegations in Paragraph 4.

## JURISDICTION

5.    Counterclaim Defendants admit the allegations in Paragraph 5.

6.    Counterclaim Defendants admit the allegations in Paragraph 6.

## BACKGROUND

7.    Counterclaim Defendants admit the allegations in Paragraph 7.

8.    Counterclaim Defendants admit the allegations in Paragraph 8.

9.    Counterclaim Defendants admit the allegations in Paragraph 9.

## COUNT I:

## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '247 PATENT

10.    Counterclaim Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

### *Prosecution of the '247 Patent*

11.    Counterclaim Defendants admit the allegations in Paragraph 11.

12.    Counterclaim Defendants admit the allegations in Paragraph 12.

13.    Counterclaim Defendants deny the allegations in Paragraph 13.

14.    Counterclaim Defendants deny the allegations in Paragraph 14.

15.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 15 speak for themselves but deny any other allegation in Paragraph 15.

16.    Counterclaim Defendants admit the allegations in Paragraph 16 to the extent they are consistent with 37 C.F.R. § 1.56 but deny any other allegation in Paragraph 16.

17.    Counterclaim Defendants admit the allegations in Paragraph 17.

18.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 18 speak for themselves but deny any other allegation in Paragraph 18.

19. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 19 speak for themselves but deny any other allegation in Paragraph 19.

20. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 20 speak for themselves but deny any other allegation in Paragraph 20.

21. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 21 speak for themselves but deny any other allegation in Paragraph 21.

22. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 22 speak for themselves but deny any other allegation in Paragraph 22.

23. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 23 speak for themselves but deny any other allegation in Paragraph 23.

24. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 24 speak for themselves but deny any other allegation in Paragraph 24.

25. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 25 speak for themselves but deny any other allegation in Paragraph 25.

26. Counterclaim Defendants deny the allegations in Paragraph 26.

## TOMMY TRIGGERS FRT-15-3MD PRIOR ART

27. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 27.

28. Counterclaim Defendants lack information or knowledge necessary to either admit or deny the allegations in Paragraph 28, and therefore deny the allegations in Paragraph 28.

29. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 29 speak for themselves but deny any other allegation in Paragraph 29.

30. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 30 speak for themselves but deny any other allegation in Paragraph 30.

31. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 31.

32. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 32.

33. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 33.

34. Counterclaim Defendants assert that the patent that claimed priority to this provisional application was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 34.

35. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 35 speak for themselves but deny any other allegation in Paragraph 35.

36. Counterclaim Defendants acknowledge that the referenced documents speak for themselves but deny that any relevant disclosure was missing from the cited prior art and any other allegation in Paragraph 36.

37. Counterclaim Defendants acknowledge that the referenced documents speak for themselves but deny that any relevant disclosure was missing from the cited prior art and any other allegation in Paragraph 37.

38. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 38 speak for themselves but deny any other allegation in Paragraph 38.

39. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 39 speak for themselves but deny any other allegation in Paragraph 39.

40. Counterclaim Defendants deny the allegations in Paragraph 40.

41. Counterclaim Defendants deny the allegations in Paragraph 41 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

42.     Counterclaim Defendants deny the allegations in Paragraph 42 and state that the Examiner was aware of the structure and operation of the FRT-15-3MD as prior art and found the claims patentable.

43.     Counterclaim Defendants deny the allegations in Paragraph 43. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD.

44.     Counterclaim Defendants deny the allegations in Paragraph 44 and state that the Information Disclosure Statement filed in the '225 Application was on behalf of all parties who had a duty of disclosure.

45.     Counterclaim Defendants deny the allegations in Paragraph 45.

46.     Counterclaim Defendants admit that *Rare Breed Triggers, LLC v. Strbac*, Case No. 1:22-cv-280 (N.D. Ohio) was dismissed in October 2022 and state that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 46.

47.     Counterclaim Defendants deny the allegations in Paragraph 47.

### RARE BREED FRT-15E3 PRIOR ART

48.     Counterclaim Defendants acknowledge that the documents referenced in Paragraph 48 speak for themselves but deny any other allegation in Paragraph 48.

49.     Counterclaim Defendants deny that the referenced video confirmed details about the FRT-15E3.

6

50. Counterclaim Defendants deny that an enabling disclosure of the FRT-15E3 was made to the public before the effective filing date of the '225 Application.

51. Counterclaim Defendants deny the allegations in Paragraph 51.

52. Counterclaim Defendants deny the allegations in Paragraph 52.

53. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 53 speak for themselves but deny any other allegation in Paragraph 53.

54. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 54 speak for themselves but deny any other allegation in Paragraph 54.

55. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 55 speak for themselves but deny any other allegation in Paragraph 55.

56. Counterclaim Defendants deny the allegations in Paragraph 56.

57. Counterclaim Defendants deny the allegations in Paragraph 57.

58. Counterclaim Defendants deny the allegations in Paragraph 58.

59. Counterclaim Defendants deny the allegations in Paragraph 59 and deny that the FRT-15E3 is prior art.

60. Counterclaim Defendants deny the allegations in Paragraph 60 and deny that the FRT-15E3 is prior art.

61. Counterclaim Defendants acknowledge that the referenced documents speak for themselves but deny that the FRT-15E3 was prior art and the remaining allegations in Paragraph 61.

62. Counterclaim Defendants deny the allegations in Paragraph 62.

## THE '247 PATENT IS UNENFORCEABLE

63.    Counterclaim Defendants deny the allegations in Paragraph 63.

64.    Counterclaim Defendants admit that Defendants request a declaration of unenforceability but deny that Counterclaim Plaintiffs are entitled to such relief.

## COUNT II:

## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '247 PATENT

65.    Counterclaim Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

66.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 66 speak for themselves but deny any other allegation in Paragraph 66.

67.    Counterclaim Defendants admit the allegations in Paragraph 67.

68.    Counterclaim Defendants assert that the structure and operation of the FRT-15-3MD was fully disclosed to and considered by the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 68.

69.    Counterclaim Defendants deny the allegations in Paragraph 69.

70.    Counterclaim Defendants admit the allegations in Paragraph 70.

71.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 71 speak for themselves but deny any other allegation in Paragraph 71.

72.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 72 speak for themselves but deny any other allegation in Paragraph 72.

73.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 73 speak for themselves but deny any other allegation in Paragraph 73.

74.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 74 speak for themselves but deny any other allegation in Paragraph 74.

75.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 75 speak for themselves but deny any other allegation in Paragraph 75.

76.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 76 speak for themselves but deny any other allegation in Paragraph 76.

77.    Counterclaim Defendants acknowledge that the documents referenced in Paragraph 77 speak for themselves but deny any other allegation in Paragraph 77.

78.    Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 78.

79.    Counterclaim Defendants deny the allegations in Paragraph 79.

80.    Counterclaim Defendants acknowledge that the referenced documents speak for themselves and assert that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 80.

81.    Counterclaim Defendants deny the allegations in Paragraph 81.

82.    Counterclaim Defendants admit that Defendants request a declaration from this Court but deny that Counterclaim Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without admitting or acknowledging that they bear the burden of proof as to any of them, Counterclaim Defendants assert the following affirmative defenses to Defendants'/Counterclaim Plaintiffs' Counterclaims.

1.    The Counterclaims fail to state a claim upon which relief can be granted.

2.    Defendants' counterclaims fail in whole or in part under principles of equity, including, without limitation, because of Defendants' unclean hands and acts done in bad faith.

## RESERVATION OF RIGHTS

In asserting these defenses, Counterclaim Defendants have not knowingly or intentionally waived any applicable defenses. Counterclaim Defendants reserve the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action, including discovery. Counterclaim Defendants reserve the right to amend or seek to amend their answer or affirmative defenses.

## PRAYER FOR RELIEF

Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to any of the relief requested and also deny that such requested relief could properly be granted to Counterclaim Plaintiffs. Counterclaim Defendants request that the Court dismiss and/or deny any relief for any of the asserted Counterclaims.

DATED: August 6, 2026                    Respectfully submitted,

                                         /s/ Matthew A. Colvin
                                         Matthew A. Colvin
                                         Texas Bar No. 24087331
                                         Carl E. Bruce
                                         Texas Bar No. 24036278
                                         **FISH & RICHARDSON P.C.**
                                         1717 Main Street, Suite 5000
                                         Dallas, TX 75201
                                         E-mail: colvin@fr.com
                                                  bruce@fr.com
                                         Tel: (214) 747-5070
                                         Fax: (214) 747-2091

                                         Benjamin J. Christoff
                                         DC Bar No. 1025635
                                         **FISH & RICHARDSON P.C.**
                                         1000 Maine Avenue SW, Suite 1000
                                         Washington, DC 20024
                                         E-mail: christoff@fr.com
                                         Tel: (202) 783-5070
                                         Fax: (202) 783-2331

                                         Glenn D. Bellamy (admitted *pro hac vice*)
                                         **WOOD HERRON & EVANS LLP**
                                         600 Vine Street, Suite 2800
                                         Cincinnati, OH 45202
                                         E-mail: gbellamy@whe-law.com
                                         Tel: (513) 707-0243
                                         Fax: (513) 241-6234

                                         *Attorneys for Plaintiffs*
                                         *ABC IP, LLC and Rare Breed Triggers, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 6, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin